1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10  MARCELINO CALDERON-SILVA,

11          Plaintiff,                    No. CIV S-11-1155 EFB P

12      vs.

13  M.S. EVANS, et al.,

14          Defendants.              ORDER

15  _____/

16          Plaintiff filed this pro se civil rights action under 42 U.S.C. § 1983.  In addition to filing a

17  complaint, he has filed an application to proceed in forma pauperis.  This proceeding was

18  referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

19  **I.      Request to Proceed In Forma Pauperis**

20          Plaintiff's application to proceed in forma pauperis (Dckt. No. 2) makes the showing

21  required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the

22  agency having custody of plaintiff to collect and forward the appropriate monthly payments for

23  the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

24  **II.     Screening Order**

25          Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in

26  which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." 28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous,

malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

from a defendant who is immune from such relief."  *Id.* § 1915A(b).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation

of a federal constitutional or statutory right; and (2) that the violation was committed by a person

acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v.

Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil

rights claim unless the facts establish the defendant's personal involvement in the constitutional

deprivation or a causal connection between the defendant's wrongful conduct and the alleged

constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v.

Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the

theory that the official is liable for the unconstitutional conduct of his or her subordinates.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).  Because respondeat superior liability is

inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant,

through the official's own individual actions, has violated the Constitution."  *Id.*  It is plaintiff's

responsibility to allege facts to state a plausible claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss

v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Plaintiff's complaint sets forth four claims for relief.  In claim one, plaintiff alleges

defendant Deleon used excessive force in violation of the Eighth Amendment.  In claim two,

plaintiff alleges defendants Guzman and Carillo violated plaintiff's First Amendment rights

when they retaliated against plaintiff for filing an administrative appeal regarding Deleon's

alleged use of excessive force.  In claim three, plaintiff alleges his due process rights were

violated during subsequent gang validation proceedings.  In claim four, plaintiff alleges Deleon

conspired with Guzman to use excessive force.  Plaintiff also alleges defendants Guzman,

Carrillo, Langford, Evens, Hill, Kingston, and Williams conspired to deprive plaintiff of a liberty

1   interest, and to subject plaintiff to prolonged torture and cruel and unusual punishment.

2         Liberally construed, and for the limited purposes of § 1915A screening, the complaint

3   states a cognizable Eighth Amendment excessive force claim against defendant Deleon, and a

4   First Amendment retaliation claim against defendants Guzman and Carillo.  The complaint does

5   not state another other claim against any other defendant.

6         Plaintiff claims his due process rights were violated in gang validation proceedings.

7   However, plaintiff does not link the alleged deprivation to the act or omission of any defendant.

8    The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived

9   of liberty without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  However,

10  "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of

11  rights due a defendant in such proceedings does not apply."  *Id.*  In a disciplinary proceeding

12  where a liberty interest is at stake, due process requires that "some evidence" support the

13  disciplinary decision.  *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).  The inmate must also

14  receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when

15  consistent with institutional safety and correctional goals, to call witnesses and present

16  documentary evidence in his defense; and (3) a written statement by the factfinder of the

17  evidence relied on and the reasons for the disciplinary action."  *Id.* at 454 (citing *Wolff*, 418 U.S.

18  at 563-67).  Where an inmate is illiterate or the facts of the case are complex, he may be entitled

19  to seek the aid of a fellow inmate or staff.  *Wolff*, 418 U.S. at 570.

20        In order to state a claim for conspiracy, plaintiff must allege specific facts showing two

21  or more persons intended to accomplish an unlawful objective of causing plaintiff harm and took

22  some concerted action in furtherance thereof.  *Gilbrook v. City of Westminster*, 177 F.3d 839,

23  856-57 (9th Cir. 1999); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (to state claim for

24  conspiracy under § 1983, plaintiff must allege facts showing an agreement among the alleged

25  conspirators to deprive him of his rights); *Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998)

26  (to state claim for conspiracy under § 1983, plaintiff must allege at least facts from which such

an agreement to deprive him of rights may be inferred); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam) (conclusory allegations of conspiracy insufficient to state a valid § 1983 claim); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff has not alleged specific facts showing that any defendant agreed to accomplish an unlawful objective. Nor has he alleged sufficient facts from which any agreement could be inferred.

Plaintiff may proceed forthwith to serve defendants Deleon, Guzman, and Carillo and pursue his claims against only those defendants or he may delay serving any defendant and file an amended complaint to cure the deficiencies identified above.  If plaintiff elects to attempt to amend his complaint he has 30 days so to do.  He is not obligated to amend his complaint.  However, if plaintiff elects to proceed forthwith against defendants Deleon, Guzman, and Carillo against whom he has stated a cognizable claim for relief, then within 30 days he must return materials for service of process enclosed herewith.  In this event the court will construe plaintiff's election as consent to dismissal of all claims against the other named defendants – Evens, Hill, Langford, Kingston, and Williams –  without prejudice.

Any amended complaint must adhere to the following requirements:

Any amended complaint shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations against each such defendant. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, any amended complaint must include "a short and plain statement of the claim" showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2).

Any amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743-44 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Plaintiff  may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, the court hereby orders that:

1.  Plaintiff's request to proceed in forma pauperis is granted.

2.  Plaintiff must pay the statutory filing fee of $350 for this action.  All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Within 30 days of service of this order, plaintiff may amend his complaint to cure the deficiencies identified above.  Plaintiff is not obligated to amend his complaint.

4.  The allegations in the pleading are sufficient at least to state cognizable claims against defendants Deleon, Guzman, and Carillo.  *See* 28 U.S.C. § 1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint filed April 29, 2011, three USM-285 forms and instructions for service of process on defendants Deleon, Guzman, and Carillo.  Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and four copies of the April 29, 2011 complaint.  The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Defendants Deleon, Guzman, and Carillo will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

////

////

In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing all claims against the other named defendants – Evens, Hill, Langford, Kingston, and Williams – without prejudice.

     5.  Failure to comply with this order will result in a this action being dismissed.

Dated:  January 3, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELINO CALDERON-SILVA,

      Plaintiff,             No. CIV S-11-1155 EFB P

      vs.

M.S. EVANS, et al.,

      Defendants.        NOTICE OF SUBMISSION OF DOCUMENTS

_____/

     In accordance with the court's order filed _____, plaintiff hereby elects to:

     (1) _____ consent to the dismissal of defendants Evens, Hill, Langford, Kingston, and Williams without prejudice, and submits the following documents:

          __1__       completed summons form

          __3__       completed forms USM-285

          __4__       copies of the April 29, 2011 Complaint

**OR**

     (2) _____ delay serving any defendant and files an amended complaint in accordance with the court's screening order.

Dated:

                          _____

                                Plaintiff