1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARCELINO CALDERON-SILVA,                 No.  2:11-cv-1155-EFB P

12            Plaintiff,

13       v.                                     ORDER

14   M.S. EVANS, et al.,

15            Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  This action proceeds on plaintiff's Eighth Amendment claim against defendant

19   Deleon based upon Deleon's alleged use of excessive force on October 14, 2009, and on

20   plaintiff's First Amendment claim against defendants Guzman and Carillo based upon their

21   alleged retaliation against plaintiff for filing administrative appeals.  Before the court is plaintiff's

22   motion to compel responses to his requests for production and interrogatories.  ECF No. 34.

23   Defendants opposed the motion.  ECF No. 38.[1]  Plaintiff did not file a reply, but did file a

24   "motion for disqualification of defendants' counsel" in response to defendants' opposition.  ECF

25   No. 41.  For the reasons stated below, plaintiff's motion to compel is granted in part and

26   plaintiff's motion to disqualify is denied.

27   ───────────────────

28   [1] Defendants' request therein, to sanction plaintiff for failing to meet and confer prior to filing the
     instant motion to compel (ECF No. 38 at 9), is denied.

                                            1

1    Requests for Production

2          Plaintiff requests an order compelling defendants to produce the following documents:

3    (1)     Plaintiff's complete prison records;

4    (2)     Any and all prison grievances against the defendants within the last five years,

5            including but not limited to complaints filed in courts of law;

6    (3)     Any and all written policies about interviews of inmates housed in administrative

7            segregation ("ASU"), including policies about use of force and methods of

8            investigating uses of force;

9    (4)     Any and all crime/incident reports about use of force, suicides, suicide attempts, and

10           "other incidents" that occurred in Folsom State Prison's administrative segregation

11           unit from October 2009 to July 2012;

12   (5)     Any and all recreational yard unlock procedures and documentation showing the

13           identity of the officer who provided gun coverage in Tower 20, on October 14, 2009;

14   (6)     The CDCR 114-D lockup order issued on inmate G. Olmos; and

15   (7)     Any and all law library sign-in sheets from October 14, 2009, bearing plaintiff's name,

16           signature, and CDCR number.

17         Plaintiff claims that defendants did not produce documents in response to numbers 1-4, above,

18   in response to his request for production of documents ("RFP").  ECF No. 34 at 2; *see also id.* at

19   4-5 (showing that document numbers 1-4, above, actually correspond to plaintiff's RFP Nos. 1, 3,

20   5, 6).  Plaintiff also indicates that for the first time, through the instant motion to compel, he is

21   seeking documents responsive to numbers 5, 6 and 7, listed above.  *Id.* at 2.

22         RFP No. 1

23         Plaintiff's RFP No. 1 requested the "complete prison records of plaintiff."  Defendants

24   objected on the ground that the documents sought were equally available to plaintiff, explaining

25   that plaintiff may review his central file and medical file by requesting review from his

26   correctional counselor.  Plaintiff provides no argument as to how defendants' response is

27   nonresponsive or why he is entitled to a further response from defendants.  Defendants' proposal

28   for how plaintiff may access his records appears reasonable and plaintiff's motion as to this

2

1    request is denied without prejudice to renewal if requesting review from the correctional

2    counselor, as proposed by defendants, does not result in access to the documents.

3        RFP No. 3

4        Plaintiff's RFP No. 3 requested "Any and all prison grievances filed against the

5    defendants within the last five y[e]ars . . . and all actions taken, including but no[t] limit[ed to] all

6    citizens' complaints . . . ."  Defendants responded with numerous objections but without waiving

7    those objections, provided with their opposition to plaintiff's motion, copies of the grievances

8    filed by plaintiff against the defendants.  Defendants state that they do not have any other

9    grievances in their custody or control.  Plaintiff did not file a reply or otherwise argue that these

10   recently produced documents are nonresponsive, incomplete, or otherwise deficient.

11   Accordingly, plaintiff's motion as it relates to this request appears to be resolved, and is denied as

12   moot.

13       RFP No. 5

14       In RFP No. 5, plaintiff requested "Any and all written policies, procedures and practices

15   about the inmates' housing in ASU interviews and treatment, including any protocol, policies and

16   practices about use of force and method of investigation such use of force."  Defendants objected

17   to this request as vague and ambiguous, overly broad, and not reasonably calculated to lead to the

18   discovery of admissible evidence.  Without waiving those objections, defendants responded that

19   the guidelines and procedures governing inmates' housing, administrative segregation unit, use of

20   force and methods of investigation for allegations of use of force are contained within the

21   California Code of Regulations and the Department Operations Manual.  Defendants further

22   informed plaintiff that copies of the California Code of Regulations and the sections of the

23   Department Operations Manual from 2000 not deemed confidential for the safety and security of

24   the institution, are located in the prison law library and are available for inspection and copying

25   pursuant to prison policy and procedure.  Defendants appear to have sufficiently responded to

26   plaintiff's request by referring him to the California Code of Regulations and the Department

27   Operations Manual.  Plaintiff provides no argument as to how defendants' response is

28   /////

1    nonresponsive or why he is entitled to any further response.  Accordingly, plaintiff's motion is

2    denied as to this request.

3            RFP No. 6

4            In RFP No. 6, plaintiff requested "Any and all crime/incident reports about use of force,

5    suicide, suicide[ ] attempts, and other incidents [that] occurred in Folsom State Prison's ASU

6    from October 2009 to July 2012."  Defendants objected to the request as vague, overly broad and

7    not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further

8    objected on the grounds that the documents requested are privileged and cannot be turned over to

9    plaintiff due to safety and security concerns.  Defendants' objections to the request as vague and

10   overly broad are well-founded.  Plaintiff makes no effort to narrow or otherwise clarify the

11   request through his motion to compel, and provides no argument as to why he is entitled to a

12   further response.  Accordingly, plaintiff's motion to compel is denied as to this request.

13           Document Numbers 5, 6, and 7 (listed above)

14           Under the court's discovery and scheduling order, all requests for discovery pursuant to

15   Rule 34 of the Federal Rules of Civil Procedure were to be served by April 3, 2013.  ECF No. 19.

16   A scheduling order may be modified upon a showing of good cause.  Fed. R. Civ. P. 16(b).  Good

17   cause exists when the moving party demonstrates he cannot meet the deadline despite exercising

18   due diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

19           Plaintiff did not request document numbers 5, 6, and 7 until he filed the instant motion to

20   compel on June 3, 2013.  ECF No. 34.  Accordingly, these requests are untimely.  In his motion,

21   plaintiff states that he was only prompted to request these documents after defense counsel

22   deposed him about an incident that occurred on October 14, 2009.  ECF No. 34 at 2.  Plaintiff

23   does not further elaborate.

24           Plaintiff does not request modification of the scheduling order, but even if his motion is

25   construed to include such a request, plaintiff has not shown the requisite good cause.  Plaintiff

26   had ample time to serve his discovery requests in accordance with the scheduling order.  He does

27   not sufficiently explain why, despite his diligence, he could not have timely requested the

28   documents listed in numbers 5, 6, and 7.  His vague reference to questioning at his deposition

4

1    does not demonstrate good cause for his delay in serving these requests.  Accordingly, plaintiff's

2    motion is denied as to these requests.

3    Interrogatories

4           Plaintiff seeks to compel defendant Deleon's responses to interrogatory numbers 12-13

5    and 18-20.  Plaintiff seeks to compel defendant Carillo's responses to interrogatory numbers 2

6    and 8.

7                  Interrogatory No. 12, Defendant Deleon

8           Interrogatory number 12 asked who "ordered you to take the plaintiff out of his cell in

9    ASU on 10-21-09, Officer Carrillo or Guzman?"  Deleon responded "I do not recall."

10          Plaintiff argues that Deleon should review defendant Guzman's responses to

11   interrogatories and then supplement the above response.  Deleon's response, however, must be

12   based upon his own personal knowledge, and not based upon information contained in the

13   discovery responses of a co-defendant.  Deleon stated that he does not recall who ordered plaintiff

14   out of his cell, and plaintiff fails to demonstrate that this representation is false.  Accordingly,

15   plaintiff's motion is denied as to this request.

16                 Interrogatory No. 13, Defendant Deleon

17          Interrogatory number 13 asked "is the policy of the CDCR to force the inmates housed

18   [in] ASU into a room to be interviewed by Officers Guzman and Carillo in order to obtain an

19   involuntary or false, and or leading confession?"  Rather than answer the question, defendant

20   objected on the ground that CDCR policies cannot be turned over to plaintiff due to safety and

21   security concerns.  Defendant also suggested that plaintiff consult the Department Operations

22   Manual for any applicable sections.

23          Defendant argues that plaintiff's motion should be denied because plaintiff provides no

24   argument as to how his response is nonresponsive.  In this instance, however, defendant's

25   response is quite plainly nonresponsive.  The interrogatory calls for a "yes" or "no" response.[2]

26

27   [2] Assuming for the sake of argument that defendant's response to the interrogatory would be
     "yes," defendant fails to demonstrate how such a response, in the hands of plaintiff, would cause
28   safety and security concerns.

                                                   5

1  Yet defendant responded to the interrogatory as if it were a request for production of documents.

2  Defendant's objection to interrogatory number 13 is therefore overruled, and defendant shall

3  supplement the response.  Defendant shall file a statement with the court within 14 days,

4  confirming that he has supplemented his response in accordance with this order.

5         Interrogatory Nos. 18-20, Defendant Deleon

6         Interrogatory number 18 asked "What is the lieutenant's full name who came from the

7  officer with Officer Guzman?"  Defendant responded "While other officers may have been

8  present, I do not recall any other officers except for Officer Guzman."

9         Interrogatory number 19 asked, "What is the lady's full name who stared at you in the

10  hallway at the time that you was forcing the [plaintiff]?"  Defendant objected to the interrogatory

11  as argumentative and premised on facts which are not true, specifically that defendant forced

12  plaintiff in any manner. Without waiving those objections, defendant responded with a denial,

13  and by stating that he did not recall seeing a lady in the hallway.

14         Interrogatory number 20 asked "Who were the other office[r]s that were with Officers

15  Guzman and Carrillo in that office on 10-21-09?"  Defendant responded by referring plaintiff to

16  his response to interrogatory number 18.

17         In his motion to compel, plaintiff identifies a Lieutenant Sunny who was the subject of

18  interrogatory number 18 and a "Nancy" as the woman who is the subject of interrogatory number

19  19.  Plaintiff asserts that these are the people who were present and that this additional

20  information should "refresh" defendant's memory for purposes of responding to the

21  interrogatories.  Once again, however, defendant may only respond based upon his personal

22  knowledge.  In response to interrogatory numbers 18-20, Deleon states he does not recall.

23  Plaintiff fails to demonstrate that Deleon's responses are false, and his motion to compel further

24  responses to these interrogatories is denied.

25  /////

26  /////

27  /////

28  /////

1         <u>Interrogatory No. 2, Defendant Carillo</u>

2         Interrogatory number 2 asked "If that was true why did you wait[ ] until 12-29-09 to take

3 pictures of the utilized items?"[3]  Defendant responded by stating "A photograph of [a] personal

4 envelope containing information associated with the Mexican Mafia prison gang was taken on

5 October 29, 2009.  The photograph was attached to the 128B chrono generated to document the

6 investigation results of October 29, 2009.  Plaintiff was served the 128B chrono and the

7 photograph of the personal envelope."

8         Because Carillo responded that the photographs were taken on October 29, 2009, his

9 response to the interrogatory appears to be complete.  Plaintiff contends that the response is

10 incomplete because it does not state the time and place that the photographs were taken.  Because

11 interrogatory number 2 did not request the time and place of the photographs, however, plaintiff's

12 motion to compel a supplemental response with such information, is denied.

13         <u>Interrogatory No. 8, Defendant Carillo</u>

14         Interrogatory number 8 asked "Did you were interviewed about complaints of officers'

15 misconduct taking place in FSP's ASU?"  Defendant objected on the grounds that the request was

16 incomprehensible and not reasonably calculated to lead to the discovery of admissible evidence.

17 In addition, defendant responded that if plaintiff is requesting information regarding other

18 inmates, and that those documents are privileged under state law.

19         In his motion, plaintiff explains that "nowhere" in interrogatory number 8 does he seek

20 information concerning other inmates.  He states that Carillo must respond to the interrogatory

21 with a "yes" or a "no" response.  Plaintiff's point in this regard is valid.  However, plaintiff fails

22 to address Carillo's objection to the request as incomprehensible.  However, when the

23 interrogatory is reasonably construed by correcting the obvious typo it is apparent that plaintiff is

24 asking if Carillo was "interviewed about complaints of officers' misconduct taking place in FSP's

25 ASU?"  *See* Interrog. No. 8.  Carillo's objection to the interrogatory as incomprehensible is

26 overruled and defendant shall supplement the response to this request.  Defendant shall file a

27 ───────────────

28 [3] Interrogatory number 2 followed interrogatory number 1, which asked, "C/O Carillo, on 10-29-09, did you receive[ ] information about the plaintiff's gang activity?"

1   statement with the court within 14 days, confirming that he has supplemented his response in

2   accordance with this order.

3         Plaintiff moves to "disqualify the defendants' counsel from this civil action" on the

4   grounds that the opposition to plaintiff's motion to compel contains false statements regarding

5   plaintiff's attempts to meet and confer.  ECF No. 41.  Plaintiff fails to demonstrate that

6   defendants' opposition contains false statements, and otherwise fails to demonstrate a conflict of

7   interest or other grounds for disqualification.  Accordingly, plaintiff's motion is denied.

8         Accordingly, IT IS HEREBY ORDERED that:

9         1.   Plaintiff's motion to compel (ECF No. 34) is granted as to defendant Deleon's

10             response to interrogatory number 13.  Defendant Deleon shall file a statement with the

11             court within 14 days, confirming that he has supplemented his response in accordance

12             with this order.  The motion is also granted as to defendant Carillo's response to

13             interrogatory number 8 and Carillo shall file a statement with the court within 14 days,

14             confirming that he has supplemented his response in accordance with this order.

15        2.   In all other respects, plaintiff's motion is denied.

16        3.   Plaintiff's motion for disqualification (ECF No. 41) is denied.

17   Dated:  August 20, 2013.

18                                    _____

19                                    EDMUND F. BRENNAN
                                     UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

                                          8