1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARCELINO CALDERON-SILVA,                No.  2:11-cv-1155-EFB P

12                    Plaintiff,

13          v.                                ORDER[1] AND
                                              FINDINGS AND RECOMMENDATIONS
14   M.S. EVANS, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  This action proceeds on an Eighth Amendment claim against defendant Deleon

19   for his alleged use of excessive force, and on First Amendment claims against defendants

20   Guzman and Carillo for their alleged retaliation for plaintiff's filing of administrative appeals.

21   *See* ECF No. 13 at 4 (Screening Order).  Defendants move for summary judgment.  ECF No. 39.

22   For the reasons stated below, their motion must be denied.

23   /////

24   /////

25   /////

26   _____

27          [1] Defendants did not respond to the court's order directing them to complete and return the
     form indicating either their consent to jurisdiction of the magistrate judge or request for
     reassignment to a district judge.  Accordingly, the clerk will be directed to randomly assign this
28   case to a district judge.

                                                1

1   **I.   The Complaint**

2        Plaintiff's first amended and verified complaint (ECF No. 11) alleges the following:

3        On October 21, 2009, defendant Deleon, a correctional officer, approached plaintiff's cell

4   and told plaintiff that a sergeant wanted to talk to him. *Id.* ¶ 13.  Plaintiff was handcuffed behind

5   his back and taken out from his assigned cell. *Id.* ¶ 14.  Deleon walked plaintiff down a hallway

6   toward an office. *Id.*  Plaintiff could see that Investigative Services Unit officers were waiting to

7   interview plaintiff in the office. *Id.*  Plaintiff stopped walking and told Deleon that he did not

8   want to talk to anybody. *Id.*  Deleon then became "very aggressive," and "tightened" plaintiff's

9   left arm with both hands, causing plaintiff to "writhe" in pain. *Id.*  Deleon then forced plaintiff

10  into the office, lifting plaintiff from his left arm and "tossing" plaintiff toward the office. *Id.* ¶ 15.

11  When a nearby correctional officer opened her office door to see what was happening in the

12  hallway, Deleon stopped his use of force. *Id.*  Plaintiff claims that Deleon's conduct caused his

13  left shoulder to become dislocated. *Id.* ¶ 37.  He also claims to experience "chronic and

14  degenerative pain from the top of his shoulder to his wrist." *Id.* ¶ 37.

15       On October 30, 2009, plaintiff submitted a prison grievance complaining of Deleon's

16  excessive use of force. *Id.* ¶ 16.  On November 17, 2009, defendant correctional officer Guzman

17  was interviewed about the grievance. *Id.*  According to plaintiff, on December 8, 2009, "as a

18  retaliatory measure," defendant correctional officers Guzman and Carrillo searched plaintiff's

19  cell. *Id.* ¶¶ 16, 18.  Plaintiff believes that they falsely claimed to have found a hypodermic

20  syringe in his cell, and falsely claimed that plaintiff's coffee was suspected heroin. *Id.* ¶¶ 16-17.

21  Plaintiff was subsequently issued a rules violation report for possession of drug paraphernalia. *Id.*

22  ¶ 17.  Plaintiff claims that Guzman issued the "false charges" as retaliation. *Id.* ¶ 19.

23       On December 22, 2009, plaintiff filed a grievance against Guzman. *Id.* ¶ 18.

24  Approximately one month later, defendants Guzman and Carillo served plaintiff with a gang

25  validation package, and plaintiff was later validated as prison gang associate. *Id.*  Plaintiff claims

26  that his filing of administrative appeals was "the only motivating factor" behind Guzman and

27  Carillo's "retaliatory conduct to validate the plaintiff as a prison gang associate." *Id.* ¶ 42.

28  /////

1    **II.    Summary Judgment Standard**

2            Summary judgment is appropriate when there is "no genuine dispute as to any material

3    fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary

4    judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant

5    to the determination of the issues in the case, or in which there is insufficient evidence for a jury

6    to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600

7    (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v.*

8    *U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment

9    motion asks whether the evidence presents a sufficient disagreement to require submission to a

10   jury.

11           The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims

12   or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to

13   "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for

14   trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)

15   (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally,

16   under summary judgment practice, the moving party bears the initial responsibility of presenting

17   the basis for its motion and identifying those portions of the record, together with affidavits, if

18   any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477

19   U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving

20   party meets its burden with a properly supported motion, the burden then shifts to the opposing

21   party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e);

22   *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

23           A clear focus on where the burden of proof lies as to the factual issue in question is crucial

24   to summary judgment procedures. Depending on which party bears that burden, the party seeking

25   summary judgment does not necessarily need to submit any evidence of its own. When the

26   opposing party would have the burden of proof on a dispositive issue at trial, the moving party

27   need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National*

28   *Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters

1    which demonstrate the absence of a genuine material factual issue.  *See Celotex*, 477 U.S. at 323-

2    24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a

3    summary judgment motion may properly be made in reliance solely on the 'pleadings,

4    depositions, answers to interrogatories, and admissions on file.'").  Indeed, summary judgment

5    should be entered, after adequate time for discovery and upon motion, against a party who fails to

6    make a showing sufficient to establish the existence of an element essential to that party's case,

7    and on which that party will bear the burden of proof at trial.  *See id.* at 322.  In such a

8    circumstance, summary judgment must be granted, "so long as whatever is before the district

9    court demonstrates that the standard for entry of summary judgment . . . is satisfied."  *Id.* at 323.

10       To defeat summary judgment the opposing party must establish a genuine dispute as to a

11   material issue of fact.  This entails two requirements.  First, the dispute must be over a fact(s) that

12   is material, i.e., one that makes a difference in the outcome of the case.  *Anderson*, 477 U.S. at

13   248 ("Only disputes over facts that might affect the outcome of the suit under the governing law

14   will properly preclude the entry of summary judgment.").  Whether a factual dispute is material is

15   determined by the substantive law applicable for the claim in question.  *Id.*  If the opposing party

16   is unable to produce evidence sufficient to establish a required element of its claim that party fails

17   in opposing summary judgment.  "[A] complete failure of proof concerning an essential element

18   of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S.

19   at 322.

20       Second, the dispute must be genuine.  In determining whether a factual dispute is genuine

21   the court must again focus on which party bears the burden of proof on the factual issue in

22   question.  Where the party opposing summary judgment would bear the burden of proof at trial on

23   the factual issue in dispute, that party must produce evidence sufficient to support its factual

24   claim.  Conclusory allegations, unsupported by evidence are insufficient to defeat the motion.

25   *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Rather, the opposing party must, by affidavit

26   or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue

27   for trial.  *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076.  More significantly, to

28   demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such

1   that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*,

2   477 U.S. at 248, 252.  Absent any such evidence there simply is no reason for trial.

3        The court does not determine witness credibility.  It believes the opposing party's

4   evidence, and draws inferences most favorably for the opposing party.  *See id.* at 249, 255;

5   *Matsushita*, 475 U.S. at 587.  Inferences, however, are not drawn out of "thin air," and the

6   proponent must adduce evidence of a factual predicate from which to draw inferences.  *American*

7   *Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J.,

8   dissenting) (citing *Celotex*, 477 U.S. at 322).  If reasonable minds could differ on material facts at

9   issue, summary judgment is inappropriate.  *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th

10  Cir. 1995).  On the other hand, "[w]here the record taken as a whole could not lead a rational trier

11  of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita*, 475

12  U.S. at 587 (citation omitted); *Celotex*, 477 U.S. at 323 (if the evidence presented and any

13  reasonable inferences that might be drawn from it could not support a judgment in favor of the

14  opposing party, there is no genuine issue).  Thus, Rule 56 serves to screen cases lacking any

15  genuine dispute over an issue that is determinative of the outcome of the case.

16       Defendants' motion for summary judgment included a notice to plaintiff informing him of

17  the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil

18  Procedure.  *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952,

19  957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849

20  F.2d 409 (9th Cir. 1988).

21  **III.   Defendants' Evidentiary Objections**

22       Defendants have filed objections to nearly everything plaintiff has filed in opposition to

23  their motion for summary judgment.  Defendants filed a document entitled "Evidentiary

24  Objections and Motion to Strike Portions of Plaintiff's Declaration," ECF No. 57, another entitled

25  "Defendants' Objections to Plaintiff's Statement of Undisputed Facts," ECF No. 58, and yet

26  another entitled "Defendants Reply to Plaintiff's Response to Separate Statement of Undisputed

27  Facts . . . and Motion to Strike Plaintiff's Objections," ECF No. 59.  In their reply brief,

28  defendants also object to plaintiff's opposition for its failure to comply with Local Ruled 260(b).

5

1    ECF No. 56.  All of defendants' objections are overruled.[2]

2          Local Rule 260(b) states that any party opposing a motion for summary judgment "shall

3    reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are

4    undisputed and deny those that are disputed, including with each denial a citation to the particular

5    portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other

6    document relied upon in support of that denial."  E.D. Cal. L. R. 260(b).  In his opposition,

7    plaintiff repeats many of the allegations in his complaint and maintains his own account of the

8    facts in this case.  ECF No. 51.  He includes numerous citations to the record, which he contends

9    support his version of the facts.  *Id.*  Plaintiff's brief satisfies the core purpose for requiring an

10   annotated statement of facts, in that it sufficiently identifies the facts that plaintiff disputes and,

11   importantly, cites to the material in the record that plaintiff relies upon for the factual assertion.

12   The argument that this should all be moved to a separate sheet of paper(s) simply exalts form over

13   substance.

14         Moreover, the practice of filing objections to every stitch of paper that the opposing party

15   submits in opposition to a motion for summary judgment simply burdens the process and does not

16   assist the court in considering the issues that are a proper focus for summary judgment.  While the

17   practice appears to have grown increasingly popular among some litigators it has drawn criticism

18   from the courts.  Indeed, as a judge of this district has explained, the practice is ultimately self-

19   defeating.

20              As a practical matter, the court finds this entire exercise of considering
21         evidentiary objections on a motion for summary judgment to be futile and counter-
            productive.  If a court must hear up to hundreds of objections during one civil
22         calendar in addition to the motion itself, then this procedure begins to defeat the
            objectives of modern summary judgment practice-namely, promoting judicial
23         efficiency and avoiding costly litigation.  *See Roberts v. Browning*, 610 F.2d 528,
            531 (8th Cir.1979).  "More importantly, even seemingly appropriate objections
24         based on hearsay and failures to authenticate/lay a foundation are difficult to
25         address away from the dynamics of a trial.  During trial, when a party raises valid
            evidentiary objections, the opposing party will have an opportunity to present the
26         evidence in an alternative and admissible form.  At trial, a question can always be

27   _____

28         [2] Plaintiff's request for an extension of time to file a response to defendants' objections is
     denied as moot.

6

rephrased if an objection to it is sustained.  Not so in the context of summary
judgment practice.

As a further example, if one witness attempts unsuccessfully to testify
about matters regarding which that witness lacks personal knowledge, another
witness may later be able to testify to the same evidence based upon her firsthand
knowledge.  In the context of a motion for summary judgment, however, the court
must often delay a hearing on the merits for several weeks to offer parties a chance
to cure the defects raised by the objections.  The alternative is to throw litigants
out of court on what may be deemed a curable technicality without a meaningful
opportunity to respond-an approach that the court highly doubts the Ninth Circuit
would condone.  Again, this practice runs counter to summary judgment's assumed
time-saving properties.

*Burch v. Regents of University of California*, 433 F. Supp. 2d 1110, 1122 (E.D. Cal. 2006).  Judge

Shubb further explained that:

Under such circumstances it is tempting to throw up one's hands and
simply say, as one court already has, that

The device of summary judgment was conceived as a method of
saving the time of the Court and litigants where the case is
demonstrably spurious.  Where, as here, the time and effort required
for a satisfactory definitive resolution of the issues on the basis of
the paper record presented on this motion might well exceed that
required at a full-dress trial, the Court will not utilize the summary
judgment procedure.

*Id.* (quoting *Koleinimport 'Rotterdam' N.V. v. Foreston Coal Export Corp.*, 283 F. Supp. 184,

188 (S.D.N.Y. 1968)).  Here, defendants' parade of objections seems to suggest that the court

should simply accept all of defendants' evidence and ignore the evidence that plaintiff attempts to

present to satisfy his burden of showing that there are triable issues of fact.

Further, defendants fundamentally misunderstand the summary judgment standards as

they apply to the admissibility of evidence relied on by the party opposing summary judgment.

Plaintiff's evidence and defendants' objections cannot be divorced from the nature of this

proceeding, *i.e.,* summary judgment, in which defendants are the moving parties.  *See Burch*, 433

F. Supp. 2d at 1118–24.

The portion of Rule 56 pertaining to supporting affidavits and records provides that "[a]

party may object that the material cited to support or dispute a fact cannot be presented in a form

1    that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).  However, on summary

2    judgment, the non-moving party's evidence need not be in a form that is admissible at trial.  *See*

3    *Burch*, 433 F. Supp. 2d at 1119 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

4    Instead, a court is concerned with the admissibility of the contents of the evidence.  *Id.*; *see also,*

5    *Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003) (holding that the district court

6    properly considered a diary which defendants moved to strike as inadmissible hearsay because,

7    "[a]t the summary judgment stage, we do not focus on the admissibility of the evidence's form.

8    We focus instead on the admissibility of its contents.").  As long as the information contained

9    within what is otherwise a hearsay document could be presented in an admissible form at trial, it

10   is properly considered on Rule 56 motion in determining whether triable issues of fact preclude

11   summary judgment.  *Fraser*, 342 F.3d at 1037.

12        Having overruled defendants' voluminous objections to nearly every item of paper

13   plaintiff has filed in opposition to the summary judgment motion, the court turns to the merits of

14   the motion.

15   **IV.    Defendants' Summary Judgment Motion**

16        As set forth above, this action proceeds on plaintiff's claims that Deleon used excessive

17   force on October 21, 2009, and that defendants Guzman and Carillo retaliated against plaintiff by

18   falsely claiming to have found drug paraphernalia in plaintiff's cell and by validating plaintiff as a

19   prison gang associate.

20        **A.  Excessive Force Claim**

21        "When prison officials use excessive force against prisoners, they violate the inmates'

22   Eighth Amendment right to be free from cruel and unusual punishment."  *Clement v. Gomez*, 298

23   F.3d 898, 903 (9th Cir. 2002).  In order to establish a claim for the use of excessive force in

24   violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force

25   maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore

26   discipline.  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  In making this determination, the court

27   may evaluate (1) the need for application of force, (2) the relationship between that need and the

28   amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any

1   efforts made to temper the severity of a forceful response.  *Id.* at 7; *see also id.* at 9-10 ("The

2   Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from

3   constitutional recognition *de minimis* uses of physical force, provided that the use of force is not

4   of a sort repugnant to the conscience of mankind." (internal quotation marks and citations

5   omitted)).

6           Defendants Carrillo and Guzman each submit declarations stating that they observed

7   Officer Deleon as he escorted plaintiff and that no force was used.  ECF No. 39-3, Carillo Decl.

8   ¶¶ 10-11; ECF No. 39-5, Guzman Decl. ¶¶ 10-11.  Defendant Deleon also submits a declaration

9   averring that he used no force against plaintiff.  ECF No. 39-4, Deleon Decl. ¶ 13.  Defendants,

10   quoting from *Scott v. Harris*, 550 U.S. 372 (2007), argue that "[w]hen opposing parties tell two

11   different stories, one of which is blatantly contradicted by the record, so that no reasonable jury

12   could believe it, a court should not adopt that version for purposes of ruling on a motion for

13   summary judgment."  ECF No. 39-1 at 8.  Defendants then point out that "three different officers,

14   all with several years of experience attest that no force was used on [plaintiff] and that [plaintiff]

15   was allowed to leave the office and return to his housing unit without incident."  *Id.*  And, as

16   noted previously, plaintiff's verified complaint tells a very different story.

17           Defendants appear to be suggesting that the court must resolve credibility in the context of

18   this motion and credit the testimony of the three "experienced" officers over the testimony of the

19   inmate plaintiff.  This is not a proper basis for summary judgment.  It is well established that

20   credibility of witnesses over material factual disputes cannot be resolved on paper.  Rather, when

21   there are genuine disputes over material issues of fact, the credibility issues must be resolved by

22   the fact finder at trial.  Although defendants have presented evidence upon which a fact finder

23   could reasonably resolve the issue in their favor, plaintiff is a percipient witness to the events in

24   question, and he maintains that Deleon used excessive force.  *See* ECF No. 51 at 11 ("After

25   plaintiff stopped walking, c/o Deleon unsuccessfully pulled plaintiff [from] his arm, he tightened

26   both his hands around plaintiff's upper area of his left arm, [and] tried to lift him and toss him

27   towards the office" causing plaintiff to "writhe in pain" and his left shoulder to "pop" out).  If

28

1  plaintiff so testifies at trial,[3] and his version is believed with respect to his claim that Deleon's

2  needlessly tightened grip and tossing motion caused plaintiff to writhe in pain and his shoulder to

3  dislocate, a reasonable fact finder could conclude that force applied was excessive.  Whether

4  plaintiff's version is worthy of credence cannot be determined on this motion.  As a percipient

5  witness, his credibility and that of the other witnesses who contradict him cannot be weighed on

6  paper.  For these reasons, defendants' motion must be denied as to this claim.

7       **B.  Retaliation Claims**

8       To prove a First Amendment retaliation claim, a prisoner must demonstrate that the

9  defendant took some "adverse action" against him because of his protected conduct, and that such

10  action chilled the exercise of his First Amendment rights.  *Rhodes v. Robinson*, 408 F.3d 559,

11  567-68 (9th Cir. 2005).  He must also show that the action did not reasonably advance a

12  legitimate correctional goal.  *Id.*

13       Defendants seek summary judgment on the ground that "Carillo and Guzman engaged in

14  authorized conduct when they searched [plaintiff]'s property and cell on three occasions as part of

15  their investigation [into plaintiff's suspected gang-related activity]."  ECF No. 39-1 at 9.  Their

16  motion makes no mention of plaintiff's allegations that defendants falsely claimed to have found

17  drug paraphernalia in his cell, and subsequently validated plaintiff as a prison gang associate

18  because of his filing of administrative appeals.  Thus, the motion presents nothing of substance as

19  to the retaliation claims.  Arguing generally that a cell search was authorized misses the point.  It

20  also misconstrues plaintiff's retaliation claims.  What is not addressed in defendants' motion are

21  plaintiff's claims that defendants Carrillo and Guzman falsely claimed to have found drug

22  paraphernalia in plaintiff's cell and falsely validated him as a prison gang associate in retaliation

23  for having filed administrative grievances.  These claims do not turn on whether Carrillo and

24  Guzman "had a legitimate penalogical interest in conducting the searches."  *See* ECF No. 39-1 at

25  11.  Undoubtedly, they did.  But that hardly addresses the basis for plaintiff's claims of

26  /////

27

28       [3] *See Fraser*, 342 F.3d at 1037, as to the form of evidence at this stage of the proceedings.

1    retaliation.  For these reasons, defendants fail to meet their initial burden on summary judgment,

2    and their motion must be denied as to the retaliation claims.

3            **C.  Qualified Immunity**

4            Defendants contend generally they are entitled to qualified immunity.  Qualified immunity

5    protects government officials from liability for civil damages where a reasonable person would

6    not have known their conduct violated a clearly established right.  *Anderson v. Creighton*, 483

7    U.S. 635, 638-39 (1987).  In determining whether the doctrine of qualified immunity provides a

8    government officer protection, a court must make two inquiries: 1) do the facts alleged show that

9    the officer violated a constitutional right; and 2) was the constitutional right well established.

10   *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Pearson v. Callahan*, 555 U.S. 223 (2009) (courts

11   have discretion to decide which of the two *Saucier* prongs to address first).  A plaintiff invokes a

12   "clearly established" right when "the contours of the right [are] sufficiently clear that a reasonable

13   official would understand that what he is doing violates that right."  *Anderson,* 483 U.S. at 640.

14           Defendant Deleon's qualified immunity argument rests on his version of the October 21,

15   2009 encounter and his contention that there was no constitutional violation.  *See* ECF No. 39-1

16   at 10.  As discussed above, the facts are in dispute as to whether there was a constitutional

17   violation.  If there was not, then of course there was no violation of a clearly established

18   constitutional right.  But the material factual disputes which preclude summary judgment on that

19   question also preclude summary judgment on Deleon's assertion of qualified immunity.  *See*

20   *LaLonde v. County of Riverside*, 204 F.3d 947, 953 (9th Cir. 2000) ("If . . . there is a material

21   dispute as to the facts regarding what the officer or the plaintiff actually did, the case must

22   proceed to trial").

23           Defendant Carrillo and Guzman's qualified immunity argument also rests on their belief

24   that they did not violate plaintiff's First Amendment rights.  But given their misunderstanding or

25   misstatement of the retaliation claims asserted against them, they have not demonstrated the

26   absence of a genuine dispute as to whether they took adverse action against plaintiff in response

27   to his filing of administrative appeals.  Contrary to defendants' assertions, the undisputed facts do

28   not establish that Carrillo and Guzman did not violate plaintiff's First Amendment rights or that a

1   reasonable person in their positions could have believed their conduct was lawful. *See* ECF No.

2   39-1 at 11. A reasonable officer would not have believed that it was lawful to falsely claim to

3   have found drug paraphernalia in plaintiff's cell and to falsely validate him as a prison gang

4   associate in retaliation for having filed administrative grievances. While those allegations are

5   surely disputed, as noted previously, Carrillo and Guzman's motion ignores those allegations

6   entirely. Accordingly, Carrillo and Guzman have not established that they are entitled to

7   summary judgment based on qualified immunity.

8   **V.    Order and Recommendation**

9       Accordingly, IT IS HEREBY ORDERED that:

10     1.   Defendants' objections to plaintiff's opposition papers are overruled and the motions

11        to strike those papers (ECF Nos. 57, 58, 59) are denied.

12     2.  Plaintiff's request for an extension of time to file a response to defendants' objections

13        (ECF No. 62) is denied as moot.

14     3.  The Clerk of the Court shall randomly assign a United States District Judge to this

15        action.

16       Further, IT IS HEREBY RECOMMENDED that defendants' motion for summary

17   judgment (ECF No. 39) be denied.

18       These findings and recommendations are submitted to the United States District Judge

19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

20   after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties. Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

23   objections shall be served and filed within fourteen days after service of the objections. The

24   parties are advised that failure to file objections within the specified time may waive the right to

25   appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

26   *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

27   DATED: February 28, 2014.

                                            EDMUND F. BRENNAN

28                                  UNITED STATES MAGISTRATE JUDGE