UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO CALDERON-SILVA,<br><br>        Plaintiff,<br><br>  v.<br><br>B. DELEON, C. CARILLO, and A. GUZMAN,<br><br>        Defendants. | No. 2:11-cv-01155-GEB-EFB<br><br>**ORDER** |

      On August 20, 2015, Defendants filed an objection to the portion of the July 21, 2015 Pretrial Order, which denied their request to bifurcate trial on the amount of punitive damages. (Defs.' Obj., ECF No. 87.) Defendants' objection is sustained.

      The trial will be conducted in two phases: liability and the amount of punitive damages, if any. If the jury finds punitive damages are recoverable in the liability phase, trial on the amount of punitive damages will immediately occur. During the first phase of the trial, the jury will be given a liability instruction on punitive damages along with the other closing instructions and a verdict form which will include the liability question on punitive damages. If the answer is "yes," then

1

evidence pertinent to the amount of punitive damages would be presented in the second phase of the trial, following which the parties would present closing argument on that issue and a jury instruction would be given. The jury would then deliberate on the issue and fill in a punitive damages verdict form.

The remainder of the July 21, 2015 Pretrial Order, (ECF No. 84), is final and is supplemented as follows:

### TRIAL DATE

Trial is currently scheduled to commence at 9:00 a.m. on February 9, 2016. Trial is held Tuesday, Wednesday, and Thursday of each week from 9:00 a.m. until approximately 4:30 p.m. However, once the jury begins deliberating, the parties shall be available for communication with the jury during the above mentioned times, Monday through Friday.

### QUALIFIED IMMUNITY AFFIRMATIVE DEFENSE

All issues shall be tried to a jury, with the exception of each Defendant's qualified immunity affirmative defense, which shall be decided by the bench. However, sufficient jury interrogatories are required on the qualified immunity defense so that a judicial decision can be rendered on that issue, if necessary, following the jury's return of a verdict. See A.D. v. Cal. Highway Patrol, 712 F.3d 446, 459 (9th Cir. 2013) (stating "post-verdict, a court must apply the qualified immunity framework to the facts that the jury found"); see also Acosta v. City & Cnty. of S.F., 83 F.3d 1143, 1147 (9th Cir. 1996) ("[T]he jury, not the judge, must decide the disputed 'foundational' or 'historical' facts that underlie the [qualified immunity] determination."); Johnson v. Breeden, 280 F.3d 1308, 1318 (11th

Cir. 2002) ("When the case goes to trial, the jury itself decides the issues of historical fact that are determinative of the qualified immunity defense, but the jury does not apply the law relating to qualified immunity to those historical facts it finds; that is the court's duty.").

Accordingly, a special verdict or interrogatories shall be filed by each party for all factual disputes to be resolved by the jury concerning the qualified immunity affirmative defense no later than February 1, 2016. Further, no later than February 1, 2016, each party shall file proposed prevailing party findings of fact and conclusions of law concerning this affirmative defense. <u>The failure to do so dismisses, waives, or abandons that defense.</u>

### **MISCELLANOUS PROVISIONS**

1.   Since it is evident that each Defendant acted under color of law at all relevant times, this issue need not be presented to the jury.

2.   It is expected that Plaintiff will appear at trial seated at counsel table with a leg restraint that is shielded from the jury's view by a fabric panel that runs from the bottom of counsel table to the floor and that Plaintiff will offer his testimony from counsel table. Should Plaintiff object to either of these provisions, no later than February 1, 2016, he shall file written objections thereto. Any response to an objection shall be filed no later than February 3, 2016.

3.   Seven (7) jurors will be selected using the "struck jury" system. The struck jury system is "designed to allow both the [plaintiff] and the defen[dants] a maximum number of peremptory challenges. The venire . . . start[s] with about

1  [18] potential jurors, from which the [plaintiff] and the
2  [defendants] alternate[] with strikes until a petite panel of
3  [seven] jurors remain[s]." Powers v Ohio, 499 U.S. 400, 404-05
4  (1991); see also United States v. Esparza-Gonzalez, 422 F.3d 897,
5  899 (9th Cir. 2005) (discussing the "struck jury" system).
6        The Jury Administrator randomly selects potential
7  jurors and places their names on a list that will be provided to
8  each party in the numerical sequence in which they were randomly
9  selected. Each juror will be placed in his or her randomly-
10 selected seat. The first randomly selected juror will be in jury
11 seat number one, which is at the extreme right-hand side of the
12 jury box in the top row as the jury box is viewed from the well
13 of the courtroom. The eighth juror will be in the eighth seat.
14 The ninth selected juror will occupy the seat located at the
15 extreme right-hand side of the jury box in the bottom row. The
16 fifteenth seat will be in the left-hand side of that row. Three
17 chairs will be placed in front of the jury box. The sixteenth
18 juror will occupy the seat on the right and the eighteenth juror
19 will occupy the seat on the left. The first seven jurors on a
20 list, which shall be given to counsel, will constitute the petit
21 jury unless one or more of those seven is excused for some
22 reason. Assuming that the first and fifth jurors on the list are
23 excused, the second listed juror becomes the first, and the other
24 jurors' numbers are changed accordingly, with the ninth juror on
25 the list becoming seventh on the list; however, the jurors
26 continue to be identified by their original numbers.
27        4.   The judge will conduct voir dire. The Courtroom
28 Deputy will give each juror a large laminated card on which their

4

number is placed. When questions are posed to the jurors as a group, they will be asked to raise their number if they have a response. Generally, jurors will be given an opportunity to respond in numerical order.

During voir dire the judge will ask, "Does a party have additional input?" If a party responds, "Yes," that party shall give the Courtroom Deputy that party's written question or questions; alternatively, each side will be given fifteen (15) minutes within which to ask follow up questions.

Following voir dire questioning, each side will take turns exercising its three allotted peremptory strikes. The parties will be given a sheet of paper ("strike sheet") upon which they shall silently exercise their peremptory strikes, commencing with Plaintiff, by passing the strike sheet back and forth until all peremptory challenges are used or waived. If a side elects to pass rather than exercise a particular peremptory challenge, that challenge is waived.[1]

5. Each side's opening statement shall not exceed fifteen (15) minutes; each side's closing argument for the liability and non-punitive damages phase may not exceed forty-five (45) minutes. Plaintiff may decide how to allocate his total time for closing argument between his opening and rebuttal arguments.[2]

---

[1] See United States v. Esparza-Gonzalez, 422 F.3d 897, 899 (9th Cir. 2005) (discussing waiver of peremptory challenges in "struck jury system"); see generally United States v. Yepiz, 685 F.3d 840, 845-46 (9th Cir. 2012) (indicating "'use it or lose it' voir dire practice" is authorized if "the composition of the panel" does not change).

[2] See United States v. Patterson, 678 F.2d 774, 781 (9th Cir. 1982) (discussing the district court's discretion in limiting the length of closing arguments).

If a second phase of trial is needed to determine an amount of punitive damages, each side is limited to ten (10) minutes for closing argument on this issue.

IT IS SO ORDERED.

Dated: January 11, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge