UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO CALDERON-SILVA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>B. DELEON, C. CARILLO, and A. GUZMAN,<br><br>　　　　　Defendants. | No. 2:11-cv-01155-GEB-EFB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND/OR ORDER AUTHORIZING REDACTION** |

　　　　On January 11, 2016, Defendants filed a motion under Local Rules 140 and 141.1 "for a Protective Order and/or Order Authorizing Redaction concerning confidential gang documents" that Defendants intend to proffer as exhibits at trial in a redacted form. (Defs.' Mot. for Protective Order 1:24-2:3, ECF No. 90.) Defendants contend "these documents contain confidential information disclosed by other inmates, the disclosure of which to Plaintiff Silva would endanger the safety and security of these other inmates, along with CDCR institutions and staff." (Id. at 1:27-2:3.) Defendants further state that their "redactions are narrowly tailored to redact only that information which could be harmful to the confidential informants and third party-inmates." (Id. at 6:14-15.) However, Defendants did not submit for in camera consideration the "confidential gang documents" in redacted and unredacted form. Therefore, the Court

does not know the nature and scope of the proposed redactions and cannot determine whether each proposed redaction is appropriate under applicable redaction/sealing law. See generally Local Rule 140 (contemplating that the redaction movant submits redacted and unredacted documents).

Further, Defendant's motion is untimely. Local Rule 141.1(b)(2) prescribes the procedure for obtaining a protective order in a civil trial. It states, in relevant part: "A party seeking a protective order relating to the admission of evidence at trial **shall submit a stipulation or request with the party's pretrial statement**." (emphasis added). Defendants did not submit such a request with their pretrial statement. To the contrary, Defendants stated in their pretrial statement that "[n]o special handling of trial exhibits is expected[,]" and that they "do not intend to seek a protective order and do not believe one is necessary as no confidential information will be disclosed during trial." (Defs.' Pretrial Statement 15:21, 16:2-3, ECF No. 80.)

Also, Defendants did not list as exhibits in their pretrial statement the documents, which are the subject of their motion, i.e., "confidential gang documents dated November 17, 2004, July 19, 2006, January 22, 2008, August 5, 2008, December 17, 2009, and January 6, 2010." (Id. at 12:16-13:23.) Therefore, these documents are not listed as defense trial exhibits in the July 21, 2015 Pretrial Order. (Pretrial Order 12:4-28, ECF No. 84.) Local Rule 281(b)(11) requires the parties to state in their pretrial statement, *inter alia*, "[a] list of documents or other exhibits that the party expects to offer at trial." That rule further prescribes: "[o]nly exhibits so listed will be permitted

2

to be offered at trial except as may be otherwise provided in the pretrial order." E.D. Cal. R. 281(b)(11). Thus, Defendants' motion for a protective order requires modification of the July 21, 2015 Pretrial Order, yet Defendants have not sought leave or addressed the legal standard required to do so. See Fed. R. Civ. P. 16(e) ("The court may modify the order issued after a final pretrial conference only to prevent manifest injustice.").

    For the stated reasons, Defendants' motion is DENIED.

Dated: January 27, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge