UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO CALDERON-SILVA,<br><br>                Plaintiff,<br><br>    v.<br><br>B. DELEON, C. CARILLO, and A. GUZMAN,<br><br>                Defendants. | No. 2:11-cv-01155-GEB-EFB<br><br>**ORDER DENYING DEFENDANTS' MOTIONS IN LIMINE** |

On January 15, 2016, Defendants filed "Motions in Limine [Nos.] 1-7[,]" in which they seek a pretrial order precluding the admission of certain evidence at trial. (Defs.' MILs, ECF No. 92.)

Defendants' motions nos. 1-5 and 7 involve controversies that have not been shown ripe for a pretrial ruling since decision on each of these motions depends upon anticipated litigation approaches that have not been shown to be probable.

Defendants seek in motion no. 6 to preclude Plaintiff from arguing that Defendants retaliated against him because he performed legal work for himself and others. (Id. at 10:1-23.) Decision on this motion is unnecessary since this issue is not preserved for trial in the July 21, 2015 Pretrial Order. (See

1

Pretrial Order[1] 1:17-23, 4:26-5:2, ECF No. 84.) "[A] party [may not] offer evidence or advance theories at the trial which are not included in the [pretrial] order or which contradict its terms." United States v. First Nat'l Bank of Circle, 652 F.2d 882, 886 (9th Cir. 1981).

Further, Defendants' motions nos. 2-4, 6, and 7 lack the concreteness required for a pretrial in limine motion. See, e.g., Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc., No. CV 08-8525 PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) (stating "motions in limine should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial").

For the stated reasons, each motion is DENIED.

Dated: January 28, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] The Pretrial Order was made final on January 12, 2016. (See Order 2:6-7, ECF No. 91.)

2