UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO CALDERON-SILVA,<br><br>          Plaintiff,<br><br>     v.<br><br>B. DELEON, C. CARILLO, and A. GUZMAN,<br><br>          Defendants. | No. 2:11-cv-01155-GEB-EFB<br><br>**ORDER DENYING PLAINTIFF'S MOTION IN LIMINE** |

Plaintiff moves in limine for a pretrial ruling "prohibiting the defendants from mentioning or offering into evidence any record regarding his . . . criminal convictions on the basis that the potential for unfair prejudice outweighs any value that the convictions would have as evidence of [his] credibility." (Pl.'s MIL 1:16-20, ECF No. 100.) Plaintiff references two felony convictions in his motion, his 1992 conviction for which he was incarcerated at all times relevant to this action,[1] and his 2011 conviction involving an altercation

---

[1] Defendants state in their September 26, 2014 Pretrial Statement ("PS") that "Plaintiff is serving a life sentence as a result of his 1992 conviction for second degree murder and attempted murder in Orange County." (Defs.' PS 2:8-11, ECF No. 80.)

1

Plaintiff had with inmate Suastegui on October 14, 2009.[2] (Pl.'s MIL 1:21-24, 2:7-12.) Plaintiff argues: "his first conviction in 1992 is remote, . . . plus[,] [he] did not . . . testif[y] in [either the] 1992 [or] 2011 trial[]. Therefore, . . . the court should exercise its discretion under Fed. R. Evid. 403 to grant plaintiff's motion in limine." (Id. at 1:22-27.)

Defendants address the admission of Plaintiff's felony convictions in their trial brief, arguing:

> Defendants seek only to introduce the fact that Plaintiff has prior felony convictions, the length of sentences for those convictions, and to argue in closing argument that, under Federal Rule of Evidence 609, the conviction[s] bear[] upon his credibility. Defendants are not planning to present evidence regarding Plaintiff's commitment offense or the circumstances of his crime. . . . Because [felony convictions] weigh heavily upon a witnesses' credibility, [they] are generally admitted. Federal Rule of Evidence 609 stands for "the proposition that felons perjure themselves more often than other, similarly situated witnesses." Campbell v. Greer, 831 F.2d 700, 707 (7th Cir. 1987). Since [Plaintiff] is still incarcerated, the ten year limit for utilizing a felony conviction for purposes of impeachment, provided by Federal Rule of Evidence 609(b), does not apply.

> The probative value of [Plaintiff's] convictions is not outweighed by their prejudicial effect under Federal Rule of Evidence 403. Since Defendants do not intend to delve into the details of Plaintiff's convictions, and the finder of fact will be aware because of the nature of [Plaintiff's] claim[s] that he is incarcerated, there is no danger of undue prejudice.

---

[2] Defendants further state in their PS that Plaintiff was convicted of the following felonies: "On September 30, 2011, a jury found Plaintiff guilty of assault with a deadly weapon while serving a life sentence, . . . and [of] possession of a weapon, specifically a sharp instrument, while in a penal institution . . . ." (Defs.' PS at 5:1-5.)

> The verdict in this case will be decided by the jury after consideration of each witness's credibility. In order to meet his burden of proof at trial, [Plaintiff] is expected to testify to his version of the events that occurred and to the basis for his belief that his constitutional rights were violated. Rule 609 of the Federal Rules of Civil Procedure provides that evidence of a witness's prior conviction of a felony may be used to impeach that witness's testimony.

(Defs.' Trial Br. 7:2-23, ECF No. 101 (internal citation omitted).)

"Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a conviction for a crime punishable for more than one year is admissible, subject to Rule 403, in a civil case to attack a witness's character for truthfulness." Exmundo v. Scribner, No. 1:06cv00205 AWI DLB PC, 2014 WL 429133, at *2 (E.D. Cal. Aug. 27, 2014) (citing Fed. R. Evid. 609(a)(1)(A)). "Evidence of a conviction under this rule is [generally] not admissible if a period of more than ten years has elapsed since the date of the conviction **or release from confinement for it, whichever is later**." Id. (emphasis added) (citing Fed. R. Evid. 609(b)).

Plaintiff's 1992 and 2011 felony convictions are "qualifying offense[s] under Rule 609(a)(1)(A) and [are] admi[ssible] for impeachment purposes subject to Rule 403." Id. Plaintiff's 1992 conviction is not excluded by age since Plaintiff is still incarcerated for it. Fed. R. Evid. 609(b).

Further, Plaintiff has not shown that reference to these convictions should be excluded under Federal Rule of Evidence 403 in light of Defendants' referenced representations about the scope of information they intend to introduce

3

concerning the convictions. Therefore, Plaintiff's in limine motion is DENIED.[3]

Dated: January 29, 2016

GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[3] It is unclear whether Plaintiff seeks in his in limine motion to preclude the admission of evidence other than his 1992 and 2011 convictions. (See, e.g., Pl.'s MIL 3:25-27 ("[T]he court should not admit[] . . . any other evidence under Rule 404(b)."); id. at 5:12-16 ("[P]laintiff humbly prays the court to . . . consider each document in his File individually and only those specific documents that are relevant to the claims and defenses in the lawsuit . . . should be admitted.")). To the extent Plaintiff seeks additional relief in this motion, a pretrial ruling thereon cannot issue since the scope of the motion is unclear.