1

2

3

4                    UNITED STATES DISTRICT COURT

5                  EASTERN DISTRICT OF CALIFORNIA

6

7   MARCELINO CALDERON-SILVA,          No. 2:11-cv-01155-GEB-EFB

8               Plaintiff,

9        v.                            **PROPOSED TRIAL DOCUMENTS**

10  B. DELEON, C. CARILLO, and A.
    GUZMAN,
11
                Defendants.
12

13

14          Attached is a proposed statement of undisputed facts to

15  be read to the jury after the preliminary jury instructions are

16  given. Also attached are the Court's proposed closing jury

17  instructions. Any proposed modification to either attached

18  document should be submitted as soon as practicable.

19       **A.   Undisputed Facts**

20          The attached undisputed facts are modeled after the

21  statement of undisputed facts contained in the July 21, 2015

22  Pretrial Order. (ECF No. 84.) However, the order of some of the

23  facts has changed, and abbreviations have been removed to avoid

24  juror confusion.

25          Further, although Defendants did not object to the

26  Pretrial Order's undisputed facts section within the time period

27  prescribed in the Pretrial Order for such objections, Defendants

28  filed a "Notice of Errata Re: Pretrial Statement" on January 21,

1

1  2016, in which they contend "the Pretrial Order inaccurately

2  states that it is undisputed that Defendants Carrillo and Guzman

3  searched Silva's personal property on October 29, 2009." (Defs.'

4  Notice of Errata, ECF No. 95.) Defendants indicate the error

5  about which they complain was the result of Defendants making the

6  same misstatement in their Pretrial Statement. (Id.) In light of

7  Defendants' Notice of Errata, references to a October 29, 2009

8  search of Plaintiff's personal property have been omitted from

9  the statement of undisputed facts.

10    Also, statements of fact which can more appropriately

11  be characterized as the parties' respective allegations or

12  conclusions of law have been omitted.

13    **B.   Closing Instructions**

14    In the attached instructions, the Court has attempted

15  to eliminate unnecessary language and to more closely follow the

16  Ninth Circuit case law upon which certain instructions are based.

17  The goal is to "help the jurors to concentrate on the question[s]

18  at hand." Achor v. Riverside Golf Club, 117 F.3d 339, 341 (7th

19  Cir. 1997). For example, the attached instructions do not include

20  Defendants' proposed jury instructions that instruct on 42 U.S.C.

21  § 1983 claims generally since a court should avoid instructing

22  jurors in "formal terminology . . . suited more to lawyers than

23  to lay deciders," especially in the situation here, where it is

24  undisputed that each Defendant acted under color of law. Achor,

25  117 F.3d at 341.

26    Further, the attached instructions do not include

27  Defendants' proposed instruction concerning the parties' claims

28  and defenses since similar information is contained in the

2

1   Court's proposed voir dire.

2           Also, the last instruction, which concerns

3   determination of the amount of punitive damages, is attached

4   hereto as a conditional instruction. It will be given to the jury

5   only if applicable.

6   Dated:  February 1, 2016

7

8   _____

9   GARLAND E. BURRELL, JR.
    Senior United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNDISPUTED FACTS**

A court order issued before this trial that determined the following facts concerning when Plaintiff was incarcerated at Folsom State Prison are undisputed. Therefore, you should treat each of the following facts as having been proved.

On October 29, 2009, Plaintiff was issued a rules violation report charging him with battery on an inmate with a weapon resulting in serious bodily injury. The charged battery occurred on October 14, 2009.

After the October 14, 2009 battery, Plaintiff was re-housed in the administrative segregation unit.

The Investigative Services Unit at Folsom State Prison investigates all criminal incidents, prison gang, and disruptive group activity including identifying members and associates of prison gangs and disruptive groups and forwarding that information to the Office of Correctional Safety for review. Defendant Carrillo and Defendant Guzman are assigned to the Office of Correctional Safety.

Defendant Guzman reviewed video surveillance of the October 14, 2009 battery and determined that Plaintiff had stabbed another inmate named Suastegui and that the incident was gang-related.

1

Plaintiff was ultimately convicted by a jury of stabbing inmate Suastegui and sentenced to an additional term in state prison.

After the October 14, 2009 battery, the Investigative Services Unit initiated an investigation into any potential gang activity by Plaintiff.

On October 21, 2009, Defendant Guzman and Defendant Carrillo, along with other members of the Investigative Services Unit, attempted to interview Plaintiff.

Defendant Deleon, a correctional officer assigned to the administrative segregation unit, was asked to escort Plaintiff from his cell to a lieutenant's office for an interview.

Defendant Deleon approached Plaintiff's cell and advised him that someone was there to see him. Plaintiff willingly came out of the cell, complied with being handcuffed, and was escorted from the administrative segregation unit to a lieutenant's office.

On October 30, 2009, Plaintiff submitted a prison grievance alleging that Defendant Deleon used excessive force against him during his October 21, 2009 escort.

On November 17, 2009, Defendant Deleon and Defendant Guzman were interviewed regarding Plaintiff's October 30, 2009 grievance.

On December 8, 2009, Defendants Carrillo and Guzman searched Plaintiff's cell.

Plaintiff subsequently received a rules violation report in connection with the December 8, 2009 cell search.

On December 22, 2009, Plaintiff submitted a grievance against Defendant Guzman concerning the December 8, 2009 search of his cell.

On December 29, 2009, Defendant Carrillo and Defendant Guzman conducted a search of Plaintiff's cell.

During the course of the search, a book was located, which on two separate pages, had a symbol of three dots over two lines, which is a symbol commonly utilized by Mexican Mafia prison gang members and associates to display their loyalty and dedication to the gang. Additionally, the same symbol was discovered on a magazine page taped to the inside of the cell door.

On January 19, 2010, Defendant Carillo and Defendant Guzman served Plaintiff with a gang validation package.

On March 2, 2010, Plaintiff was validated as a prison gang associate and sentenced to an indeterminate term in the Security Housing Unit.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARCELINO CALDERON-SILVA,

        Plaintiff,

     v.

B. DELEON, C. CARILLO, and A. GUZMAN,

        Defendants.

No. 2:11-cv—01155-GEB-EFB

**CLOSING JURY INSTRUCTIONS**

Instruction No. 1


Members of the jury, now that you have heard all the evidence and the arguments of the parties, it is my duty to instruct you on the law which applies to this case. Each of you is in possession of a copy of these jury instructions, which you may take into the jury room for your use during deliberations if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. Do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Instruction No. 2


The evidence you are to consider in deciding what the
facts are consists of:

the sworn testimony of any witness;

the exhibits which were received into evidence; and

the undisputed facts which were previously read to
you.

Instruction No. 3


In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

First, arguments and statements by Defendants' attorneys and by Plaintiff, except when Plaintiff gave testimony under oath, are not evidence. Defendants' attorneys are not witnesses and Plaintiff is not a witness except when he testified under oath. What they said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way Defendants' attorneys and Plaintiff stated them, your memory of the facts controls;

Second, questions and objections by the parties are not evidence. The parties have a duty to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it;

Third, testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if I gave a limiting

instruction, you must follow it;

Fourth, anything you saw or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Instruction No. 4


Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Instruction No. 5


In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

the opportunity and ability of the witness to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case and any bias or prejudice;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factor that bears on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

6

Instruction No. 6


The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether to believe the witness and how much weight to give to the testimony of the witness, but for no other purpose.

Instruction No. 7


You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Instruction No. 8


Some evidence was admitted for a limited purpose only.

When I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Instruction No. 9


When a party has the burden of proof on a claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Instruction No. 10


You should decide the case as to each Defendant separately. Unless otherwise stated, the instructions apply to all parties.

Instruction No. 11


The State of California and the California Department of Corrections & Rehabilitation are not defendants in this case.

Whether or not the State of California would reimburse a Defendant for any damages awarded is irrelevant and should not be considered in deciding this case.

Instruction No. 12


Plaintiff alleges Defendant Deleon used excessive force against him on October 21, 2009, in violation of the Eighth Amendment when Defendant escorted Plaintiff for the purpose of being interviewed. To prevail on this claim, Plaintiff must prove, by a preponderance of the evidence, each of the following elements:

First, that the Defendant used excessive force under all of the circumstances;

Second, that the Defendant acted maliciously and sadistically for the purpose of causing harm; and

Third, that the Defendant's actions caused harm to Plaintiff.


In determining whether the Defendant used excessive force in this case, consider the need to use force, the relationship between that need and the amount of force used, whether the Defendant applied the force in a good faith effort to maintain or restore discipline, any threat reasonably perceived by the Defendant, any efforts made to temper the severity of a forceful response, and the extent of the injury suffered. In considering these factors, you should give deference to a prison official in the execution of a policy

13

and/or practice that in his judgment is needed to preserve institutional order and discipline and to maintain institutional security.

A person acts "maliciously" by acting with ill will, spite, or for the purpose of injuring Plaintiff.

A person acts "sadistically" by engaging in extreme or excessive cruelty or by delighting in cruelty.

Negligence is not a sufficient basis for imposing liability against the Defendant on Plaintiff's excessive force claim. "Negligence" means a failure to use reasonable care. Negligence means doing something that a reasonably careful person would not do under similar circumstances, or failing to do something that a reasonable person would do under similar circumstances.

Even if you find that the Defendant was negligent, and that his negligence resulted in Plaintiff's injuries, you may not find him liable on Plaintiff's excessive force claim for that reason. An act that is negligent, not deliberate, does not violate the Eighth Amendment.

Instruction No. 13


Plaintiff alleges that Defendant Carillo and Defendant Guzman violated his right under the First Amendment to the United States Constitution not to be retaliated against for his filing one or both of the following grievances:

An October 30, 2009 prison grievance against Defendant Deleon, in which Plaintiff complained about Defendant Deleon's alleged use of excessive force on October 21, 2009; and

A December 22, 2009 prison grievance against Defendant Guzman, in which Plaintiff complained about the December 8, 2009 search of his cell.

Specifically, Plaintiff alleges that each Defendant falsely claimed to have found drug paraphernalia in his prison cell and validated him as a prison gang associate in retaliation for his filing one or both of these grievances.

To prevail on his First Amendment retaliation claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, the Defendant took adverse action or actions against Plaintiff;

Second, Plaintiff's October 30, 2009 and/or December 22, 2009 prison grievance was a substantial or motivating factor for the Defendant's action or actions;

15

Third, the Defendant's adverse action or actions resulted in more than minimal harm to Plaintiff or would chill a person of ordinary firmness in the exercise of his right to file a prison grievance; and

Fourth, the Defendant's adverse action or actions did not reasonably advance a legitimate correctional goal.

A substantial or motivating factor is a significant factor. Timing can be considered as circumstantial evidence of retaliatory motive. However, neither timing alone nor sheer speculation is sufficient to show that Plaintiff's filing of one or both prison grievances was a substantial or motivating factor for the Defendant's adverse action or actions. Plaintiff must show a nexus between the filing of a prison grievance or grievances and the Defendant's adverse action or actions.

16

Instruction No. 14


It is my duty to instruct you about the measure of damages. By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on one or more of his claims, you must determine his compensatory damages. The Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence. Compensatory damages mean the amount of money that will reasonably and fairly compensate Plaintiff for any injury that you determine the Defendant caused. You should consider the nature and extent of Plaintiff's injuries.

It is for you to determine what compensatory damages, if any, have been proved.

Your award must be based on evidence and not on speculation, guesswork, or conjecture.

17

Instruction No. 15


        The law that applies to this case authorizes an award
of nominal damages. If you find in Plaintiff's favor on a claim,
but you find that he has failed to prove compensatory damages as
defined in these instructions, you must award nominal damages.
Nominal damages may not exceed one dollar.

Instruction No. 16


If you find in Plaintiff's favor on a claim, you must determine if the Defendant's conduct justifies an award of punitive damages.

Plaintiff has the burden to prove by a preponderance of the evidence that punitive damages should be awarded. The amount of punitive damages, if any, will be decided later.

You may award punitive damages only if you find that the Defendant's conduct that harmed Plaintiff was malicious, oppressive, or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights, or if the Defendant acts in the face of a perceived risk that its actions will violate Plaintiff's rights under federal law. An act or omission is oppressive if the Defendant injures or damages or otherwise violates the rights of Plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of Plaintiff.


19

Instruction No. 17


Some of you have taken notes during the trial. Such notes are only for the personal use of the person who took them.

There is a tendency to attach undue importance to matters that a person has written down. However, some testimony that is considered unimportant at the time presented, and thus not written down, may take on greater significance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your individual memory. Your memory is your greatest asset when it comes time to deliberate and render a decision in this case.

20

Instruction No. 18


When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

21

Instruction No. 19


A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that will be given to you, sign and date it, and advise the United States Marshal's representative outside your door that you are ready to return to the courtroom.

22

Instruction No. 20


If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representative, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

[Conditional] Instruction No. 21

You must now decide the amount, if any, of punitive damages that you should award Plaintiff. Plaintiff has the burden of proving the amount of any such damages by a preponderance of the evidence.

The purposes of punitive damages are to punish the Defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate the Plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the Defendant's conduct.