UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO CALDERON-SILVA,<br><br>        Plaintiff,<br><br>  v.<br><br>B. DELEON, C. CARRILLO, and A. GUZMAN,<br><br>        Defendants. | No. 2:11-cv-01155-GEB-EFB<br><br>**ORDER REGARDING DEFENDANTS' MOTION FOR RECONSIDERATION** |

        Defendants move for reconsideration of the January 28, 2016 Order Denying Defendants' Motion for Protective Order and/or Order Authorizing Redaction ("Order"). Defendants argue the Order should be reconsidered because they intend to use the referenced redacted documents "for purposes of impeachment[;]" therefore, they were not required to be listed in their Pretrial Statement or the Pretrial Order. (Defs.' Mot. for Recons. 3:26-4:11, ECF No. 112.) Defendants further argue that "[s]ince documents used for impeachment purposes are not required to be listed in a Pretrial Statement, . . . the failure to request a Protective Order in the[ir] Pretrial Statement [under Local Rule 141.1(b)(2)] should be excused." (Id. at 4:12-14.) These contentions could be correct, and to the extent the Order indicates Defendants may not pursue the redactions they desire

1

1  for these reasons, that portion of the Order is withdrawn.
2  Further, Defendants state for the first time that "Defendants
3  provided [Plaintiff] with redacted copies of the [subject
4  documents] on January 12, 2016[, and he] did not object to
5  the[ir] use . . . at trial." (Id. at 4:26-5:1.)

6  However, as the Court previously informed Defendants in
7  the Order, Defendants have not submitted the subject redacted and
8  unredacted documents to the Court for its consideration in
9  camera; therefore, it is impossible for the Court to determine
10 whether each proposed redaction is appropriate under applicable
11 redaction/sealing law.

12 Principles governing the redaction of trial evidence
13 place the burden on the party seeking the redactions to make a
14 compelling showing of particularized need to justify the
15 nondisclosure of each proposed redaction. The Ninth Circuit
16 states in Kamakana v. City and Cnty. of Honolulu 447 F.3d 1172,
17 1180 (9th Cir. 2006): "Those who seek to maintain the secrecy of
18 documents attached to dispositive [matters] must meet the high
19 threshold of showing that 'compelling reasons' support secrecy."
20 Therefore, when such redactions are sought, "a district court
21 must 'base its decision on a compelling reason and articulate the
22 factual basis for its ruling, without relying on hypothesis or
23 conjecture.'" Id. at 1182 (quoting Hagestad v. Tragesser, 49 F.3d
24 1430, 1434 (9th Cir. 1995)). The movant for such redactions is
25 expected to submit a proposed order containing the referenced
26 factual findings that can be filed on the public docket unless
27 the movant justifies filing all or part of the sealing order
28 under seal. Obviously, a judge cannot make the required findings

without seeing the unredacted document so that he or she understands what is being redacted and the need for the redaction. See also Perry v. City & Cnty. of S.F., No. 10-16696, 2011 WL 2419868, at *21 (9th Cir. 2011) ("[A]ny interest justifying closure must be specified with particularity, and there must be [a showing] that the [closure requested] is narrowly confined to protect that interest." (emphasis omitted) (internal quotation marks and citation omitted)).

For the stated reasons, Defendants' reconsideration motion is granted. The portion of the Order concerning the timeliness of Defendants' redaction request and the omission of the subject documents from Defendants' Pretrial Statement and the Pretrial Order is withdrawn. The portion of the Order regarding the need for the redaction movant to submit proposed redacted and unredacted documents to the Court for its consideration in camera is affirmed.

Dated:  February 5, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge