1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                  EASTERN DISTRICT OF CALIFORNIA

7

8   MARCELINO CALDERON-SILVA,          No. 2:11-cv-01155-GEB-EFB

9             Plaintiff,

10       v.                            **PROPOSED AMENDED CLOSING JURY**
                                       **INSTRUCTIONS AND VERDICT FORMS**
11  B. DELEON, C. CARRILLO, and
    A. GUZMAN,
12
              Defendants.
13

14

15          Attached are the Court's proposed amended closing jury

16  instructions and verdict forms, which now exclude decision on

17  punitive damages. The issue of punitive damages will be presented

18  to the jury (both as to liability and the amount of any punitive

19  damages) only if the jury finds in favor of Plaintiff against one

20  or more Defendants.

21          Further the last sentence of Instruction No. 12 has

22  been deleted since the word "deliberate" is not defined in the

23  instruction and its content is redundant.

24  Dated:  February 10, 2016

25

26

27  _____
    GARLAND E. BURRELL, JR.
28  Senior United States District Judge

                              1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO CALDERON-SILVA,<br><br>              Plaintiff,<br><br>     v.<br><br>B. DELEON, C. CARRILLO, and<br>A. GUZMAN,<br><br><br>              Defendants. | No. 2:11-cv—01155-GEB-EFB<br><br><br>**CLOSING JURY INSTRUCTIONS** |

Instruction No. 1


Members of the jury, now that you have heard all the evidence and the arguments of the parties, it is my duty to instruct you on the law which applies to this case. Each of you is in possession of a copy of these jury instructions, which you may take into the jury room for your use during deliberations if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. Do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Instruction No. 2


The evidence you are to consider in deciding what the facts are consists of:

the sworn testimony of any witness;

the exhibits which were received into evidence; and

the undisputed facts which were previously read to you.

Instruction No. 3

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

First, arguments and statements by Defendants' attorneys and by Plaintiff, except when Plaintiff gave testimony under oath, are not evidence. Defendants' attorneys are not witnesses and Plaintiff is not a witness except when he testified under oath. What they said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way Defendants' attorneys and Plaintiff stated them, your memory of the facts controls;

Second, questions and objections by the parties are not evidence. The parties have a duty to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it;

Third, testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if I gave a limiting

instruction, you must follow it;

Fourth, anything you saw or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Instruction No. 4

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Instruction No. 5


In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

the opportunity and ability of the witness to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case and any bias or prejudice;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factor that bears on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

6

Instruction No. 6

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether to believe the witness and how much weight to give to the testimony of the witness, but for no other purpose.

Instruction No. 7

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Instruction No. 8


Some evidence was admitted for a limited purpose only.

When I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Instruction No. 9


When a party has the burden of proof on a claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Instruction No. 10


You should decide the case as to each Defendant separately. Unless otherwise stated, the instructions apply to all parties.

Instruction No. 11

The State of California and the California Department of Corrections & Rehabilitation are not defendants in this case.

Whether or not the State of California would reimburse a Defendant for any damages awarded is irrelevant and should not be considered in deciding this case.

Instruction No. 12


Plaintiff alleges Defendant Deleon used excessive force against him on October 21, 2009, in violation of the Eighth Amendment when Defendant escorted Plaintiff for the purpose of being interviewed. To prevail on this claim, Plaintiff must prove, by a preponderance of the evidence, each of the following elements:

First, that the Defendant used excessive force under all of the circumstances;

Second, that the Defendant acted maliciously and sadistically for the purpose of causing harm; and

Third, that the Defendant's actions caused harm to Plaintiff.


In determining whether the Defendant used excessive force in this case, consider the need to use force, the relationship between that need and the amount of force used, whether the Defendant applied the force in a good faith effort to maintain or restore discipline, any threat reasonably perceived by the Defendant, any efforts made to temper the severity of a forceful response, and the extent of the injury suffered. In considering these factors, you should give deference to a prison official in the execution of a policy

13

and/or practice that in his judgment is needed to preserve institutional order and discipline and to maintain institutional security.

A person acts "maliciously" by acting with ill will, spite, or for the purpose of injuring Plaintiff.

A person acts "sadistically" by engaging in extreme or excessive cruelty or by delighting in cruelty.

Negligence is not a sufficient basis for imposing liability against the Defendant on Plaintiff's excessive force claim. "Negligence" means a failure to use reasonable care. Negligence means doing something that a reasonably careful person would not do under similar circumstances, or failing to do something that a reasonable person would do under similar circumstances.

Even if you find that the Defendant was negligent, and that his negligence resulted in Plaintiff's injuries, you may not find him liable on Plaintiff's excessive force claim for that reason.

14

Instruction No. 13

Plaintiff alleges that Defendant Carrillo and Defendant Guzman violated his right under the First Amendment to the United States Constitution not to be retaliated against for his filing one or both of the following grievances:

An October 30, 2009 prison grievance against Defendant Deleon, in which Plaintiff complained about Defendant Deleon's alleged use of excessive force on October 21, 2009; and

A December 22, 2009 prison grievance against Defendant Guzman, in which Plaintiff complained about the December 8, 2009 search of his cell.

Specifically, Plaintiff alleges that each Defendant falsely claimed to have found drug paraphernalia in his prison cell and validated him as a prison gang associate in retaliation for his filing one or both of these grievances.

To prevail on his First Amendment retaliation claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, the Defendant took adverse action or actions against Plaintiff;

Second, Plaintiff's October 30, 2009 and/or December 22, 2009 prison grievance was a substantial or motivating factor for the Defendant's action or actions;

15

Third, the Defendant's adverse action or actions resulted in more than minimal harm to Plaintiff or would chill a person of ordinary firmness in the exercise of his right to file a prison grievance; and

Fourth, the Defendant's adverse action or actions did not reasonably advance a legitimate correctional goal.

A substantial or motivating factor is a significant factor. Timing can be considered as circumstantial evidence of retaliatory motive. However, neither timing alone nor sheer speculation is sufficient to show that Plaintiff's filing of one or both prison grievances was a substantial or motivating factor for the Defendant's adverse action or actions. Plaintiff must show a nexus between the filing of a prison grievance or grievances and the Defendant's adverse action or actions.

16

Instruction No. 14


It is my duty to instruct you about the measure of damages. By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on one or more of his claims, you must determine his compensatory damages. The Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence. Compensatory damages mean the amount of money that will reasonably and fairly compensate Plaintiff for any injury that you determine the Defendant caused. You should consider the nature and extent of Plaintiff's injuries.

It is for you to determine what compensatory damages, if any, have been proved.

Your award must be based on evidence and not on speculation, guesswork, or conjecture.

17

Instruction No. 15


The law that applies to this case authorizes an award of nominal damages. If you find in Plaintiff's favor on a claim, but you find that he has failed to prove compensatory damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

Instruction No. 16

Some of you have taken notes during the trial. Such notes are only for the personal use of the person who took them.

There is a tendency to attach undue importance to matters that a person has written down. However, some testimony that is considered unimportant at the time presented, and thus not written down, may take on greater significance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your individual memory. Your memory is your greatest asset when it comes time to deliberate and render a decision in this case.

19

Instruction No. 17

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

20

Instruction No. 18


A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that will be given to you, sign and date it, and advise the United States Marshal's representative outside your door that you are ready to return to the courtroom.

Instruction No. 19


If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representative, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

22

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARCELINO CALDERON-SILVA,

        Plaintiff,

    v.

B. DELEON, C. CARRILLO, and
A. GUZMAN,

        Defendants.

No. 2:11-cv-01155-GEB-EFB

**VERDICT FORM – DEFENDANT DELEON**

    WE THE JURY UNANIMOUSLY FIND THE FOLLOWING VERDICT ON THE SUBMITTED QUESTIONS:

    **Question No. 1**:   Does Plaintiff prevail on his excessive force claim against Defendant Deleon?

    Answer:   _____ YES      _____ NO

*(If you answered yes, continue to Question No. 2. If you answered no, proceed to the next page and date, sign, and return this verdict.)*

1

**Question No. 2**:    What is the amount of damages you award to Plaintiff from Defendant Deleon?


          $_____

(*Date, sign, and return this verdict.*)


Dated this _____ day of _____ 2016.


                              _____
                                        Presiding Juror

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARCELINO CALDERON-SILVA,

        Plaintiff,

   v.

B. DELEON, C. CARRILLO, and
A. GUZMAN,

        Defendants.

No. 2:11-cv-01155-GEB-EFB

**VERDICT FORM – DEFENDANT
CARRILLO**

    WE THE JURY UNANIMOUSLY FIND THE FOLLOWING VERDICT ON THE SUBMITTED QUESTIONS:

    **Question No. 1**:   Does Plaintiff prevail on his retaliation claim against Defendant Carrillo?

    Answer:   ____ YES      ____ NO

(*If you answered yes, continue to Question No. 2. If you answered no, proceed to the last page and date, sign, and return this verdict.*)

1

1

2        **Question No. 2**:     What is the amount of damages you

3   award to Plaintiff from Defendant Carrillo?

4

5            $_____

6   (*Continue to Question No. 3.*)

7

8

9

10        **Question No. 3**:     Did Defendant Carrillo have reason

11   to believe that the incident of October 14, 2009, involving

12   Plaintiff Silva and inmate Suastegui, could be gang-related?

13

14            Answer:    _____ YES         _____ NO

15   (*Continue to Question No. 4.*)

16

17

18

19        **Question No. 4**:     Did Defendant Carrillo have a

20   reasonable penological justification to initiate an investigation

21   into the incident of October 14, 2009, involving Plaintiff Silva

22   and inmate Suastegui, in order to determine if this incident was

23   gang-related?

24

25            Answer:    _____ YES         _____ NO

26   (*Continue to Question No. 5.*)

27

28

2

1

2     **Question No. 5**:    Did  Defendant  Carrillo  know  that

3     Silva  had  been  engaged  in  First  Amendment  protected  activity

4     before initiating this investigation?

5

6             Answer:    _____ YES        _____ NO

7     *(Continue to Question No. 6.)*

8

9

10

11    **Question No. 6**:    Did  Defendant  Carrillo  reasonably

12    gather  evidence  in  order  to  determine  whether  the  incident  of

13    October 14, 2009, was related to gang activity?

14

15            Answer:    _____ YES        _____ NO

16    *(Continue to Question No. 7.)*

17

18

19    **Question No. 7**:    Did  Defendant  Carrillo  reasonably

20    gather  evidence  in  order  to  determine  whether  Silva  was  a  prison

21    gang associate?

22

23            Answer:    _____ YES        _____ NO

24    *(Continue to Question No. 8.)*

25

26

27

28

3

1
2
3          **Question No. 8**:    Did  Defendant  Carrillo  reasonably
4    submit  evidence  to  the  California  Department  of  Corrections  and
5    Rehabilitation   Office   of   Correctional   Safety   for   review   and
6    confirmation of Silva's gang validation?
7
8          Answer:    _____ YES      _____ NO
9    (*Date, sign, and return this verdict.*)
10
11
12   Dated this _____ day of _____ 2016.
13
14                                    _____
15                                        Presiding Juror
16
17
18
19
20
21
22
23
24
25
26
27
28
                                        4

1

2

3

4

5

6

7                     UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   MARCELINO CALDERON-SILVA,          No. 2:11-cv-01155-GEB-EFB

11              Plaintiff,

12        v.                            **VERDICT FORM – DEFENDANT GUZMAN**

13   B. DELEON, C. CARRILLO, and
     A. GUZMAN,
14
                Defendants.
15

16

17        WE THE JURY UNANIMOUSLY FIND THE FOLLOWING VERDICT ON

18   THE SUBMITTED QUESTIONS:

19

20        **Question No. 1**:    Does  Plaintiff   prevail   on   his

21   retaliation claim against Defendant Guzman?

22

23        Answer:  _____ YES      _____ NO

24   (*If you answered yes, continue to Question No. 2. If you answered*

25   *no, proceed to the last page and date, sign, and return this*

26   *verdict.*)

27

28

                                    1

1    **Question No. 2**:    What is the amount of damages you

2    award to Plaintiff from Defendant Guzman?

3

4         $_____

5    (*Continue to Question No. 3.*)

6

7

8

9    **Question No. 3**:    Did Defendant Guzman have reason to

10   believe that the incident of October 14, 2009, involving

11   Plaintiff Silva and inmate Suastegui, could be gang-related?

12

13        Answer:    _____ YES      _____ NO

14   (*Continue to Question No. 4.*)

15

16

17

18   **Question No. 4**:    Did  Defendant  Guzman  have  a

19   reasonable penological justification to initiate an investigation

20   into the incident of October 14, 2009, involving Plaintiff Silva

21   and inmate Suastegui, in order to determine if this incident was

22   gang-related?

23

24        Answer:    _____ YES      _____ NO

25   (*Continue to Question No. 5.*)

26

27

28

2

1

2

3        **Question No. 5**:   Did  Defendant  Guzman  know  that

4 Silva  had  been  engaged  in  First  Amendment  protected  activity

5 before initiating this investigation?

6

7        Answer:   _____ YES       _____ NO

8 (*Continue to Question No. 6.*)

9

10

11

12        **Question No. 6**:   Did  Defendant  Guzman  reasonably

13 gather  evidence  in  order  to  determine  whether  the  incident  of

14 October 14, 2009, was related to gang activity?

15

16        Answer:   _____ YES       _____ NO

17 (*Continue to Question No. 7.*)

18

19

20        **Question No. 7**:   Did  Defendant  Guzman  reasonably

21 gather  evidence  in  order  to  determine  whether  Silva  was  a  prison

22 gang associate?

23

24        Answer:   _____ YES       _____ NO

25 (*Continue to Question No. 8.*)

26

27

28

1

2

3          **Question No. 8**:   Did   Defendant   Guzman   reasonably

4   submit  evidence  to  the  California  Department  of  Corrections  and

5   Rehabilitation   Office   of   Correctional   Safety   for   review   and

6   confirmation of Silva's gang validation?

7

8          Answer:   _____ YES       _____ NO

9   (*Date, sign, and return this verdict.*)

10

11

12   Dated this _____ day of _____ 2016.

13

14                                    _____

15                                         Presiding Juror

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    4